02-10-302-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00302-CR

 

 


 
 
 Eugene Nimely Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Eugene Nimely Johnson made an open plea of guilty to the offense of aggravated
robbery, seeking community supervision.  The jury assessed his punishment at seven
years’ confinement, and this appeal followed.  Now, in two issues, he complains
that the trial court erred by failing to give “the section 26.13 warnings,” and
that his sentence constitutes an abuse of discretion.  We reverse and remand.

In
his first issue, Appellant argues that the trial court erred by failing to give
the admonishments required by article 26.13(a)(1)–(5) of the Texas Code of
Criminal Procedure before accepting his guilty plea, affecting his substantial
rights under rule of appellate procedure 44.2(b).[2]  Specifically, he complains
that the trial court failed to admonish him of the deportation consequences of
pleading guilty if Appellant was not a citizen of the United States.  See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(4).  The State concedes that the trial
court erred by failing to admonish Appellant as required by article
26.13(a)(4).

There
is no burden on either party to prove harm or harmlessness resulting from the
error, but when the record is either silent on citizenship or insufficient to
determine citizenship, the trial court’s failure to admonish a defendant on the
immigration consequences of a guilty plea establishes harm under the standard
of rule 44.2(b).  VanNortrick v. State, 227 S.W.3d 706, 709, 714
(Tex. Crim. App. 2007).

In
the instant case, there is no direct evidence of Appellant’s citizenship
status.  Appellant contends that the testimony of Leon Deemi, Appellant’s maternal
uncle, cast doubt about whether Appellant was a citizen.  Leon testified that
he came to this country in 1988, when Appellant was two months old; at that
time Appellant was living with his mother.  Appellant’s mother, Esther Deemi,
testified that, at the time of trial, she had been a United States Postal
Service employee for thirteen years, and prior to that, had served ten years in
the United States military.

At
the time of trial, Appellant was twenty-one years old, so at the time of his
birth, his mother was in the United States military.  However, under 10 U.S.C.A.
§ 504(b)(1), a person may be enlisted in any armed force if the person is a
“national of the United States” or “an alien lawfully admitted for permanent
residence.”[3]  10 U.S.C.A. § 504(b)(1)(A)–(B)
(West 2010).  A “national of the United States” under the immigration code
means either a U.S. citizen or “a person who, though not a citizen of the
United States, owes permanent allegiance to the United States.”  8 U.S.C.A.
§ 1101(a)(22) (West 2005) (emphasis added).  And just being lawfully admitted
for permanent residence or being a “national of the United States” does not
make one a citizen.  See id. § 1101(a)(20), (22); see also id.
§§ 1422–27 (West 2005) (setting out eligibility and requirements for
naturalization).  From Appellant’s mother’s presence in the military when
Appellant was born, we can only conclude that she could have been a citizen, a
national who was not a citizen, or an alien lawfully admitted for
permanent residence.  No one testified about where Appellant was born, and
nothing in the record shows that he was born on U.S. soil, which would make him
a citizen.  See id. § 1401 (West 2005) (setting out different ways to be
born a U.S. citizen).  Finally, no one at trial testified about whether
Appellant’s mother was a U.S. citizen or subsequently became one, and when.  See
id. § 1431 (West 2005) (setting out elements for a child’s automatic
derivative naturalization when a parent becomes naturalized).  That is, the
record tells us nothing about Appellant’s citizenship status.  Because
the record is insufficient to determine Appellant’s citizenship status, the
trial court’s failure to admonish him on the immigration consequences of a
guilty plea establishes harm under the standard of rule 44.2(b).  See
VanNortrick, 227 S.W.3d at 714.  Therefore, we sustain Appellant’s first
issue.[4]

Having sustained Appellant’s first issue, we reverse
the trial court’s judgment and remand this case to the trial court for a new
trial.

 

PER CURIAM

 

PANEL:  CHARLES F. CAMPBELL (Senior Judge,
Retired, Sitting By Assignment); LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 18, 2011









[1]See Tex. R. App. P. 47.4.





[2]Article 26.13(a) contains
admonishments of (1) the range of punishment, (2) the fact that an agreed plea
bargain is not binding on the trial court, (3) that permission of the trial
court is required to appeal in an agreed plea bargain scenario, (4) the
consequences of a guilty or nolo contendere plea on a defendant’s citizenship
status, and (5) the sex offender registration requirement when applicable.  See
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1)–(5) (West Supp. 2010).





[3]There are additional
options for persons subject to the Compact of Free Association between the
United States and the Federated States of Micronesia, the Republic of the
Marshall Islands, or Palau.  10 U.S.C.A § 504(b)(1)(C) (West 2010).





[4]Based on our resolution
here, we do not reach his second issue.  See Tex. R. App. P. 47.1.